UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TONY C. MONEY, II, a/k/a John Adams, a/k/a Vernon Forest, and FRANK EMMANUEL SLEDGE, a/k/a Sir Sledge,<br><br>Defendants. | No. 6:12-CR-53-DCR-HAI-6,7<br><br>RECOMMENDED DISPOSITION OF JOINT MOTION TO SUPPRESS |

*** *** *** ***

Defendants Tony C. Money and Frank Emmanuel Sledge face separate charges of conspiracy to distribute oxycodone, conspiracy to distribute methadone, and conspiracy to distribute alprazolam in violation of 21 U.S.C. § 846, possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(1)(a)(1), and knowingly carrying a firearm in relation to certain of the charged drug offenses in violation of 18 U.S.C. § 924(c)(1)(A). *See* D.E. 35. They have filed a Joint Motion to Suppress Evidence, and the United States has filed a response in opposition. *See* D.E. 146, 150. Despite the Motion's acknowledgement of unfavorable binding precedent, given the multiple arguments presented in the Motion and the requested evidentiary hearing, the Court addressed the posture created by the Motion during a telephonic status conference on January 4, 2013. D.E. 151. Because all parties agree that no factual dispute exists that could warrant suppression and no Fourth Amendment violation occurred based upon binding precedent, specifically *United States v. Skinner*, 690 F.3d 772 (6th Cir. 2012), *petition*

*for cert. filed*, ____ U.S.L.W. ____ (U.S. Dec. 26, 2012) (No. 12-7971), and based upon the findings and reasoning below, the undersigned recommends denial of the Joint Motion.

The Motion presents several arguments in support of suppression of evidence related to "searches and seizures" in connection with a search warrant issued on September 28, 2012, by the United States District Court for the Eastern District of Michigan. *See* D.E. 146-2. In sum, the warrant authorized, for a period of thirty days,[1] the search of two cellular telephones and the search/seizure of location information related to those phones, to include "all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which 'cell towers' . . . and 'sectors' . . . received a radio signal from the two telephones." *See* D.E. 146-2 at 2-4. The specific factual background of the investigation prior to the issuance of the warrant need not be detailed herein, but the affidavit submitted in support of the application for the warrant is filed in the record as an exhibit to the Motion. *See* D.E. 146-3.

According to the United States, the telephones were tracked as they moved from the Eastern District of Michigan to the Eastern District of Kentucky on September 29, 2012. Through physical surveillance by law enforcement off of I-75 in Corbin, Kentucky on that date, an Audi sport utility vehicle with a Michigan plate was observed and Defendant Sledge was identified as an occupant based upon a previous identification made during a traffic stop on September 1, 2012. The Audi was stopped by law enforcement for following too close and improper signaling. Defendant Money was identified and was driving. Defendant Sledge was identified as well and was a passenger.

---

[1] The Motion mistakenly states that the thirty-day period began on October 12, 2012. *See* D.E. 146-1. October 12, 2012 was not the warrant's effective date, it was the date set by the issuing judge in the Eastern District of Michigan by which execution of the warrant was required. *See* D.E. 146-2.

A narcotics dog made a positive alert for the presence of drugs, and the vehicle was searched. Law enforcement found and seized approximately 3,000 oxycodone 30 mg pills and a mixture of several thousand additional pills consisting of Xanax (containing the controlled substance alprazolam) and methadone, as well as a pistol located next to the pills. The telephones described by the warrant were found in Defendants' possession. Defendants were arrested, criminal complaints and arrest warrants as to each Defendant were issued by the undersigned, and the Grand Jury thereafter returned an indictment charging the offenses described above.

The Motion requests an evidentiary hearing "to establish the fact that [Defendants] had an expectation of privacy in the data obtained and the execution of [the] search warrant violated the 4th Amendment to [the] Constitution" for three separately listed reasons. D.E. 146-1 at 2. First, the Motion asserts that the affidavit underlying the warrant lacked probable cause to such an extent that the exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897 (1984) should not apply. Second, without any supporting authority cited, the Motion asserts that the warrant is "fundamentally tainted" by the inclusion of information gathered pursuant to wire intercepts authorized by United States District Judge Amul R. Thapar. Third, without addressing the preliminary showing necessitated by *Franks v.* Delaware, 438 U.S. 154 (1978), the Motion asserts that paragraph 14 of the affidavit underlying the warrant contained false "allegations . . . that on September 1, 2012, Mr. Money was a rear seat passenger in a vehicle stopped by law enforcement in Corbin, Kentucky."[2] *Id.* at 3. All of these assertions are made without substantive argument or discussion of the facts. The Motion concludes with an acknowledgement of the effect of *Skinner*, and by stating "[t]his motion is filed to preserve the

---

[2]   Notably, paragraph 14 of the Affidavit does not specifically identify Defendant Money as a passenger in the vehicle.

issue in light of the possibility the United States Supreme Court decides to hear argument and issue a ruling on this Fourth Amendment argument." D.E. 146-1 at 3.

The United States contends that, under *Skinner*, Defendants have no reasonable expectation of privacy in GPS or similar location data from a cellular telephone being voluntarily used while traveling on public thoroughfares, so there can be no violation of Defendants' Fourth Amendment rights to result in suppression. The United States also argues probable cause supported warrant issuance, no basis in law or fact exists to challenge the inclusion of information obtained through the wire intercepts, the argument as to false allegations in the affidavit is so unclearly stated as to require denial, and that Defendants have wholly failed to make the preliminary showing required to conduct a hearing under *Franks v. Delaware*. D.E. 150.

During the January 4, 2013 conference call, the Court first confirmed review by defense counsel of the response in opposition filed by the United States. Counsel for both Defendants represented that, after discussion with counsel for the United States prior to the teleconference:

1) if *Skinner* remains good law, Defendants will not prevail on the Motion "on any level" because there is "no doubt" that *Skinner* controls all arguments presented in the Motion;

2) there is no need for an evidentiary hearing on the Motion;

3) the Motion was filed merely to protect Defendants if the Supreme Court alters the law established by *Skinner*;

4) defense counsel had consulted with their clients about effect of *Skinner*; and

5) a ruling by the Court based upon the briefs submitted is appropriate.

The facts and law sufficient to resolve the Motion are not in dispute. The Fourth Amendment provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend IV. "[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33 (2001). Here, as in *Skinner*, Defendants' cellular telephones were tracked allowing law enforcement to locate them and put in motion the events leading to the stop of their vehicle, the positive alert by the narcotics dog, and the search of their vehicle. *See Skinner*, 690 F.3d at 774-76. The location data search herein was warrant-backed. Even if it were not, however, as in *Skinner*, "[t]here is no Fourth Amendment violation because [Defendants] did not have a reasonable expectation of privacy in the data given off" by their cellular telephones and therefore there was no search within the meaning of the Fourth Amendment concerning that data. *Id*. at 777. Here, as in *Skinner* and as recognized by the parties, "suppression is not warranted[.]" *Id.* at 781.

For the reasons stated, particularly the acknowledged binding effect of *Skinner*, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Joint Motion to Suppress Evidence (D.E. 146).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. As defined by § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions

for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 59(b) waives a party's right to review.

This the 14th day of January, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge